UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FREDERICK CHUYUONG FEMBA,

Petitioner,

v.

WARDEN OF THE MESA VERDE DETETNION FACILITY, *et al.*,

Respondents.

Case No. 1:26-cv-05018 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

This matter is before the Court on Petitioner Frederick Chuyuong Fembas's Petition for Writ of Habeas Corpus. Petitioner has been detained by U.S. Immigration and Customs Enforcement ("ICE") for over a year. Dkt. No. 1. For the reasons set forth below, the Court GRANTS the Petition and orders Respondents to IMMEDIATELY RELEASE Petitioner.

## I. BACKGROUND

Based on the parties' submissions, the Court finds the following facts. Petitioner is a citizen of Cameroon who entered the United States on June 29, 2022 through the San Ysidro, California Port of Entry. *See* Dkt. No. Dkt. No. 8-1 at 3; Dkt. No. 8-2 at 2. He was promptly arrested by United States Border Patrol and transported to the Newton-Azrak Border Patrol Station for further processing. Dkt. No. 8-2 at 2. After interviewing Petitioner, DHS served him with a Notice to Appear charging him as inadmissible under 8 U.S.C. §1182(a)(6)(A)(i) and placing him in removal proceedings. Dkt. No. 8-3 at 1; Dkt. No. 8-2 at 3–4; Dkt. No. 8-4 at 1. He was then released into the United States on his own recognizance. Dkt. No. 8-2 at 4–5. Following his release, Petitioner applied for asylum and was granted work authorization by USCIS. Dkt.

No. 1 at 23. He also began working several jobs, including as a warehouse worker, Home Health Aide, and a security officer. *Id*. There is no indication in the record that he has any criminal history.

On September 2, 2025, Petitioner received a message from ICE instructing him to attend a check-in at the ICE office in Baltimore. *Id*. at 24. He attended the appointment the next day and was promptly detained. *Id*. It does not appear that Petitioner was presented with a warrant or informed of the basis for his arrest.

After his arrest, he was transferred to a detention facility in Arizona where he filed a petition for writ of habeas corpus in the District of Arizona. *See Femba v. Bondi*, No. 2:26-CV-00875-MTL-JFM, Dkt. No. 1. The Court dismissed the petition finding that Petitioner's detention was mandatory under 8 U.S.C. § 1225(b)(2)(A). *Id*., Dkt. No. 5 at 1–2. It further rejected Petitioner's due process claim as it found his detention under § 1225(b)(2)(A) was lawful. *Id*. at 2. Petitioner was subsequently transferred to the Mesa Verde Detention Facility located in the Eastern District of California and filed the petition pending before this Court.

## II. DISCUSSION

Petitioner alleges that his re-detention without any opportunity to be heard violates his procedural due process rights. *See* Dkt. No. 1 at 7. Respondents argue that the petition should be dismissed as both a successive petition and under the abuse of the writ doctrine, but otherwise do not respond to Petitioner's due process claim. Dkt. No. 8 at 1–3. The Court first addresses Respondents' arguments before turning to the merits of Petitioner's claim.

### A. The Petition Does Not Violate the Abuse of the Writ Doctrine.

As an initial matter, "[t]he statutory bar against successive habeas petitions found in 28 U.S.C. § 2244(b) applies only to habeas petitions filed pursuant to 28 U.S.C. § 2254 and not habeas petitions filed pursuant to 28 U.S.C. § 2241[,]" like the petition here. *Rodriguez Mendoza, v. Warden*, No. 1:26-CV-03785-DAD-CSK (HC), 2026 WL 1481759, at *2 (E.D. Cal. May 27, 2026) (citing *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000)). However, the Ninth Circuit has recognized that the common law doctrine of the abuse of the writ may apply to

successive habeas petitions challenging immigration detention filed pursuant to § 2241. *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). Under the abuse of the writ doctrine, "a successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain that claim." *Id.*

The Court finds that a fundamental miscarriage of justice would result from failure to entertain Petitioner's claim. When Petitioner's first petition was decided, the Ninth Circuit had not yet addressed the issue of whether § 1225(b)(2)(A) or 8 U.S.C. § 1226(a) controls detention for individuals, like Petitioner, who are present in the United States without admission and arrested by ICE in the interior of the country. Following the filing of the petition here, the Ninth Circuit resolved that question, finding that noncitizens "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a). *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026). As "controlling authority dictates a different outcome of Petitioner's claims than in the first-filed petition[,]" … "[t]o ignore Ninth [] Circuit precedent and to deny Petitioner relief would work a fundamental miscarriage of justice." *Alexander L.C. v. Acting Dir., U.S. Immigr. & Customs Enf't*, No. 1:26-CV-05701-TLN-CSK, 2026 WL 2410043, at *2 (E.D. Cal. Aug. 18, 2026) (declining to dismiss petition under the abuse of the writ doctrine where first petition had been dismissed based on application of § 1225(b)(2)(A)).

**B. Petitioner's Continued Detention Violates Due Process.**

Petitioner has been detained for over a year without receiving any determination by ICE that his continued detention is necessary based on a finding of danger or risk of flight. Accordingly, he contends that his continued detention violates the Fifth Amendment. *See* Dkt. No. 1 at 7. "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S., 678, 693 (2003). Courts examine procedural due process claims in

two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

**1. Liberty Interest**

"Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). The Court finds Petitioner has a clear liberty interest in his continued freedom that is protected by the Due Process Clause. The government's decision to release Petitioner on his own recognizance was an "implicit promise" that he would not be re-detained during the pendency of his immigration proceedings if he abided by the terms of his release. *Morrissey*, 408 U.S. at 482. Moreover, Petitioner has lived in the United States for over four years, during which time he lawfully worked three jobs and developed ties in the community. The time Petitioner spent released on recognizance creates a powerful interest for Petitioner in his continued liberty. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–94 (E.D. Cal. 2025) (finding similarly).

**2. *Mathews* Factors**

Having found a protected liberty interest, Petitioner was entitled to process commensurate with that interest. Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). Each factor favors Petitioner here. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) (identifying the three factors as (1) the private interest affected by official action, (2) the risk of erroneous deprivation and probable value of additional procedural safeguards, and (3) the government's interest).

First, his interest in freedom from physical detention is weighty. *Zadvydas*, 533 U.S. at 690. The risk of erroneous deprivation from seizing an individual who was previously released

by immigration authorities without any opportunity to be heard is substantial, and the value of a hearing in reducing that risk is correspondingly high. The government necessarily made a determination that Petitioner was not a danger or flight risk when it released him in the first instance, and it has not identified any changed circumstances between Petitioner's initial release in 2022 and his recent re-detention. *See* 8 C.F.R. § 212.5(b). Finally, the government's interest in continuing to detain Petitioner without first providing him a hearing is slight. Indeed, in immigration court, custody hearings are routine and impose a "minimal" cost. *Doe*, 787 F. Supp. 3d at 1094.

Accordingly, the Court finds Petitioner was entitled to notice and a pre-deprivation hearing prior to his re-detention. Respondents failure to provide such process—or, indeed, make any determination that Petitioner's continued detention is necessary—in his over one year of detention violated Petitioner's right to due process. *Alexander L.C.*, 2026 WL 2410043, at *4 (finding similarly despite the fact that this was petitioner's second petition); *Kachur v. Chestnut*, No. 1:26-CV-03362-DAD-JDP (HC), 2026 WL 1229009, at *2 (E.D. Cal. May 5, 2026) (granting habeas relief for petitioner previously released on his own recognizance even though previous petition was denied); *Perez Chaj v. Warden, California City Det. Facility*, No. 1:26-CV-3971-DAD-JDP, 2026 WL 2186518, at *4–5 (E.D. Cal. July 29, 2026), *report and recommendation adopted sub nom. Perez Chaj v. Warden, California City Det. Facility*, No. 1:26-CV-03971-DAD-JDP (HC), 2026 WL 2262331 (E.D. Cal. Aug. 5, 2026) (same).

## III. CONCLUSION AND ORDER

Accordingly, for the reasons stated above, the petition for writ of habeas corpus is GRANTED. Respondents shall IMMEDIATELY RELEASE Petitioner from custody under the same conditions he was released prior to his current detention. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and

convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: September 10, 2026

VINCE CHHABRIA
United States District Judge